# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**EMILIO THOMPSON,**                              Case Number:

    **Plaintiff,**

**v.**

**FLORIDA POP, LLC.**
**d/b/a POPEYES LOUISIANA KITCHEN,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his complaint, Plaintiff states as follows:

Parties

2. Plaintiff, Emilio Thompson, is a resident of Hillsborough County, Florida.

3. Defendant, Florida Pop, LLC, d/b/a Popeyes Louisiana Kitchen operates as a fast-food restaurant in Hillsborough County, Florida.

4. Plaintiff was employed by Defendant as fast-food worker from approximately August 5, 2022, until present.

## Jurisdiction

5. Plaintiff resides in Hillsborough County, Florida.

6. Defendant conducts business in Hillsborough County, Florida.

7. Defendant employed Plaintiff in Hillsborough County, Florida.

8. All events giving rise to this action occurred in Hillsborough County, Florida.

## Facts

9. Defendant employed Plaintiff as a fast-food worker.

10. Plaintiff was a non-exempt employee paid on an hourly basis.

11. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

12. Defendant is a fast-food restaurant and provides related services in Hillsborough County, Florida.

13. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

14. At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

15. Defendant owns and operates a fast-food restaurant in Hillsborough County, Florida.

16. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

17. At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

18. During the majority of his employment, Plaintiff worked at least 45 hours per week.

19. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

20. Plaintiff was not subject to any overtime exemptions.

21. Defendant engaged in an illegal policy of requiring Plaintiff to work 45 or more hours in many workweeks of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

22. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

23. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

24. Specifically, Defendant suffered and permitted Plaintiff to more than 40 hours during single workweeks and did not compensate Plaintiff at a premium rate for hours worked beyond 40 in a single workweek.

25. The overtime work performed by Plaintiff was worked in Defendant's facility in full view of Defendant's employees and managers.

26. In fact, Defendant recorded many of Plaintiff's overtime hours but intentionally did not pay Plaintiff premium wages for the overtime hours worked.

27. Plaintiff regularly and habitually worked between 2.5 hours and 5 hours of unpaid overtime per week during the entirety of his employment.

28. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

29. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

30. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

31. Defendant is a for-profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

32. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff regularly and routinely received goods, materials, and products from out of state vendors during his employment with Defendant. These items included food and ingredients that originated out-of-state and were sent to Defendant to be sold to Defendant's customers. Plaintiff regularly served customers who were traveling to and from the State of Florida.

33. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

34. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

35. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the fast-food industry.

36. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

37. At all material times relevant to this action, Plaintiff in his capacity as a fast-food worker, and was individually covered by the FLSA. Plaintiff's responsibilities of receiving goods and materials from out-of-state for purposes of selling them to customers is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

38. Indeed, Plaintiff was regularly required to receive goods and materials from out-of-state vendors and suppliers.

39. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

40. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

41. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

42. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

43. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42, above.

45. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

46. Plaintiff was an hourly, non-exempt employee.

47. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

48. Plaintiff regularly worked beyond 40 hours in a single workweek.

49. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

50. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

51. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

52. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 17th day of February, 2023.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com